**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PHOENIX CAPITAL INVESTMENTS LLC,      :

       Plaintiff,      :

v.      :      Case No.

ELLINGTON MANAGEMENT GROUP, L.L.C.,      :

       Defendant.      :

---



## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441(a) & 1446, defendant Ellington Management Group, L.L.C. ("Ellington") removes to this Court the state-court action described in Paragraph 1 below and filed by Plaintiff Phoenix Capital Investments LLC ("Phoenix").

## THE REMOVED CASE.

1.     The removed case is a civil action filed on or about July 3, 2007 in the Supreme Court of the State of New York, New York County, styled *Phoenix Capital Investments LLC v. Ellington Management Group, L.L.C.*

## PAPERS FROM REMOVED ACTION.

2.     As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, orders, docket sheet, and other papers on file in the removed case.

**REMOVAL IS TIMELY.**

3.      The Summons and Complaint were served upon Ellington on July 5, 2007.  This notice of removal is filed within 30 days following such service, and is therefore timely under 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure.

**VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK.**

4.      Venue in the Southern District of New York is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state-court action is pending.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1441(a) BECAUSE**
**THE COURT HAS ORIGINAL DIVERSITY JURISDICTION OVER THIS DISPUTE.**

5.      Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action in a state court of which the federal district court possesses original jurisdiction.  Because the Court possesses original diversity jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332(a) & (c), removal is proper.

6.      The parties to this dispute are diverse: Ellington is a limited liability company organized under the laws of Delaware and with its headquarters and principal place of business at 53 Forest Avenue in Old Greenwich, Connecticut, *see* Exhibit A (Compl. ¶ 7), while Phoenix is a limited liability company organized under the laws of New York, with its headquarters and principal place of business at 47 East 67th Street, Fifth Floor, in New York, New York, *id.* (Compl. ¶ 8).

7.      The matter in controversy is alleged to exceed $75,000, exclusive of interest and costs.  Phoenix has alleged that Ellington has failed to pay it fees under an agreement pursuant to which, Phoenix alleges, it identified a third party who subsequently invested approximately $500 million in a hedge fund managed by Ellington.  *See* Exhibit A (Compl. ¶¶ 17-20).  Phoenix

alleges that it is entitled to fees amounting to 1% per year of that investment, or approximately $5 million per year. *Id.* (Compl. ¶ 27). Because the parties are diverse, and the alleged amount in controversy exceeds the statutory requirement, removal of this action from the New York Supreme Court to this Court is proper.

## FILING OF REMOVAL PAPERS.

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action is being given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is being filed with the Supreme Court of the State of New York, New York County.

WHEREFORE, defendant Ellington hereby removes the above-captioned action from the Supreme Court of the State of New York, New York County, and requests that further proceedings be conducted in this Court as provided by law.

Dated: July 30, 2007

Respectfully submitted,

WILLIAMS & CONNOLLY LLP

Christopher N. Manning (CM 4231)
725 Twelfth Street N.W.
Washington, D.C.  20005
(202) 434-5000 (voice)
(202) 434-5029 (fax)
e-mail: cmanning@wc.com

*Attorney for Defendant Ellington
Management Group, L.L.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this NOTICE OF

REMOVAL was sent via first-class mail and electronic mail this 30th day of July, 2007, to

David B. Tulchin, Jason D. Padgett, and Angus W. Dwyer, Sullivan & Cromwell LLP, 125

Broad Street, New York, New York 10004.

Christopher N. Manning

# EXHIBIT A

```
      CCDAMINI           SUPREME COURT - STATE OF NEW YORK        DATE: 07/26/2007
INDEX NO: 602204 2007  OFFICE OF THE COUNTY CLERK - NEW YORK COUNTY  TIME: 09:45:01
PURCHASE: 07032007           CIVIL INDEX MINUTE BOOK INQUIRY


PLAINTIFF NAME: PHOENIX CAPITAL INV  DEFENDANT NAME: ELLINGTON MANAGEMEN
      ATTORNEY: SULLIVAN & CROMWELL        ATTORNEY: UNKNOWN
                125 BROAD STREET
                NEW YORK, NEW YORK
                1-212 558-1684
SEQ  DATE              MINUTES
0001 07032007          SUMMONS AND COMPLAINT


0001 07092007          AFFIDAVIT OF SERVICE



               PAGE -  1
```

Form 27 - GENERAL PURPOSE

**SULLIVAN CROMWELL, ESQS.**
**ATTN:**
SUPREME COURT    NEW YORK  COUNTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHOENIX CAPITAL INVESTMENTS LLC         plaintiff

- against -

ELLINGTON MANAGEMENT GROUP, L.L.C.      defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Index No. **602204/07**

Date Filed  . . . . . . . . . . . . .

Office No.

Court Date:   **/  /**

STATE OF NEW YORK, COUNTY OF NEW YORK        :SS:

**RAMON HEARD**      being duly sworn, deposes and says:
I am over 18 years of age, not a party to this action, and reside in the
State of New York.
    That on the  **5th  day of July, 2007**      at  **01:51 PM.,** at
**53 FOREST AVE. 3RD FL.**
**OLD GREENWICH, CONNECTICUT 06870**
I served a true copy of the
**SUMMONS AND COMPLAINT**

upon **ELLINGTON MANAGEMENT GROUP, L.L.C.**
**the DEFENDANT** therein named,
by delivering to, and leaving personally with
   **SARAH FREEMAN,    MANAGING AGENT**

a true copy of each thereof.

    Deponent describes the person served as aforesaid to the best of deponent's
ability at the time and circumstances of the aforesaid service as follows:
    SEX: **FEMALE**          COLOR: **WHITE**         HAIR: **BROWN**
    APP. AGE: **37**          APP. HT: **5:6**          APP. WT: **135**

OTHER IDENTIFYING FEATURES:

Sworn to before me this
5th day of  July, 2007ni

JOEL GOLUB
Notary Public, State of New York
   No.01G04791136
Qualified in NASSAU COUNTY
Commission Expires 12/31/2009

RAMON HEARD  1249515
AETNA  CENTRAL  JUDICIAL  SERVICES
225 BROADWAY, SUITE 1802
NEW YORK, NY, 10007
Reference No: 7SC247371

FILED
JUL - 9 2007
COUNTY CLERK'S OFFICE
NEW YORK

B 104—Summons without Notice, Blank Court.
Personal or Substitute Service.

Blumberg's Law Products

BlumbergExcelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 602204/07
Date purchased 7/3/07

Phoenix Capital Investments LLC,

*Plaintiff(s)*

Plaintiff(s) designate(s)  New York

County as the place of trial.

The basis of the venue is  plaintiff'
residence

*against*

Ellington Management Group, L.L.C.,

## Summons

Plaintiff(s) reside(s) at 47 East 68th
New York, NY  100

County of  New York

*Defendant(s)*

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within   20   days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,  July 3, 2007

Defendant's address:

Ellington Management Group, L.L.C.
53 Forest Avenue
Old Greenwich, Connecticut  06870

Attorney(s) for Plaintiff

Office and Post Office Address

David B. Tulchin
Jason D. Padgett
Angus W. Dwyer
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

COUNTY NEW YORK OFFICE
COUNTY CLERK'S OFFICE

JUL 03 2007

NOT COMPARED
WITH COPY FILE
NOT COMPARED
WITH COPY FILE

B104—Summons without Notice, Blank Court
Personal or Substituted Service. 12 pt. type 4-94

Blumberg Excelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.    07602204
Date purchased

Plaintiff(s) designate(s) New York

County as the place of trial.

The basis of the venue is plaintiff's residence

Phoenix Capital Investments LLC,

*Plaintiff(s)*

*against*

Ellington Management Group, L.L.C.,

*Defendant(s)*

**Summons**

Plaintiff(s) reside(s) at 47 East 68th St
New York, NY 10021

County of New York

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, July 3, 2007

Attorney(s) for Plaintiff

Office and Post Office Address

David B. Tulchin
Jason D. Padgett
Angus W. Dwyer
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Defendant's address:

Ellington Management Group, L.L.C.
53 Forest Avenue
Old Greenwich, Connecticut 06870

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

07602204

------------------------------------------------------------- x

PHOENIX CAPITAL INVESTMENTS LLC,

                     Plaintiff,

         -against-

ELLINGTON MANAGEMENT GROUP, L.L.C.,

                     Defendant.

COMPLAINT

------------------------------------------------------------- x

            Phoenix Capital Investments LLC, by its attorneys Sullivan &
Cromwell LLP, for its complaint in this action, alleges as follows:

### NATURE OF ACTION

          1.      This action arises from a February 11, 2000 agreement between
Phoenix Capital Investments LLC ("Phoenix") and Ellington Management Group, L.L.C.
("Ellington"), as amended in writing in December 2003 (the "Agreement"), whereby
Ellington agreed to pay Phoenix certain fees whenever, as set forth in the contract,
investments were made in Ellington hedge funds or other Ellington-managed investments
by investors Phoenix had brought to Ellington.

          2.      In contracting for Phoenix's services, Ellington sought to benefit
from Phoenix's principals' significant expertise and relationships with wealthy non-U.S.
investors. In compliance with its end of the bargain, Phoenix contacted potential
investors on behalf of Ellington, including Norges Bank Investment Management
("Norges"). These contacts were made at a substantial cost to Phoenix of time and
money and in reliance on Ellington's contractual promises.

3.     On information and belief, Norges, a unit within the Norwegian central bank, manages one of the largest pension funds in the world, which had over $300 billion in assets as of March 2007.

4.     As a result of Phoenix's extensive and persistent efforts on Ellington's behalf over a period of years, Norges has agreed to make, and has made, a huge investment in at least one Ellington hedge fund or other Ellington-managed investment. Despite this, Ellington refuses to pay Phoenix the fee to which it is entitled. Defendant has breached the Agreement by refusing to pay Phoenix fees, and instead has determined to fatten its own wallet by depriving Phoenix of the contractual benefits to which it is entitled.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in this Court by virtue of CPLR §§ 302(a)(1) and 302(a)(3)(i) and (ii). Defendant transacted business in New York by entering into the Agreement with Phoenix in New York. Defendant further committed tortious acts that caused injury to Phoenix in New York, which defendant expected or should have expected would have consequences in New York. Defendant (a) derives substantial revenue from interstate and international commerce, and (b) regularly does or solicits business in New York and engages in a persistent course of conduct in New York.

6.     Venue is proper in this Court by virtue of CPLR § 503(d). Phoenix is a limited liability company with its principal office in New York County, New York.

## THE PARTIES

7.     Plaintiff Phoenix Capital Investments LLC is a limited liability company organized under the laws of New York, with its headquarters and principal place of business at 47 East 67th Street, 5th Floor, in New York County, New York.

8.     Defendant Ellington Management Group, L.L.C. is a hedge fund manager and a limited liability company organized under the laws of Delaware, with its headquarters and principal place of business at 53 Forest Avenue in Old Greenwich, Connecticut.

## THE FACTS

### The Agreement

9.     On February 11, 2000, Phoenix and Ellington entered into a contract, whereby Ellington contracted for the services of Phoenix to act as a finder to identify non-U.S. investors to invest in hedge funds and other investments managed by Ellington. The Agreement allowed Ellington to benefit from Phoenix's significant expertise and relationships with wealthy non-U.S. investors. Ellington, indeed, has benefited greatly from Phoenix's efforts on its behalf.

10.     In return for its valuable services, Phoenix was entitled under the contract to receive certain fees from Ellington if its efforts resulted in an investment in a hedge fund or other investment managed by Ellington, subject to certain conditions, including a requirement in the original contract (later amended as to Norges) that the investment be made within one year of Phoenix's last contact with that investor on behalf of Ellington.

11.     In addition, the contract provided for a second type of compensation for Phoenix's services as a finder.  Under the Agreement, if Phoenix introduced investors to Ellington, and those investors made an aggregate investment of $100 million or more that was structured in such a way that Ellington received fees or other payments in excess of what it would have received had the investor made an ordinary investment in an Ellington fund (a "Structured Investment"), Phoenix was entitled to a Structuring Payment equal to 50% of the excess fees earned by Ellington.

12.     Under the terms of the contract, Phoenix is entitled to Structuring Payments regardless of when a Structured Investment is made.

13.     On or about December 16, 2003, Phoenix and Ellington amended the Agreement.  Included in the written amendments was a provision giving Phoenix the right to collect a fee from Ellington on account of any investment by Norges in a hedge fund or other investment managed by Ellington.  By this amendment, Phoenix is entitled to a fee even if Norges's investment was to be made more than one year after Phoenix's last contact on behalf of Ellington.

Phoenix's Solicitation of Norges

14.     In or about late 2001, Phoenix began the process of courting Norges on behalf of Ellington.  When initially approached, Norges was not amenable to making investments with hedge fund managers such as Ellington, and Ellington believed that it was highly unlikely that Norges would make investments in Ellington funds.  Only as a result of the extensive and persistent efforts of Phoenix was Norges willing to consider making an investment in a hedge fund or other investment managed by Ellington.

-4-

15. Phoenix pursued Norges for years at significant cost to itself, both in terms of time and money. Phoenix was in regular contact with Norges, frequently sending Norges information on Ellington that Phoenix had prepared. Representatives of Phoenix also traveled to Norway to solicit Norges's investment. Ellington confirmed with Phoenix its explicit interest in working with Phoenix in closing the Norges investment.

16. Phoenix arranged for an in-person meeting between representatives of Norges, Ellington and Phoenix, which occurred on or about April 21, 2004. This meeting was the first direct contact of any kind between Norges and Ellington. During the meeting, Norges's Chief Investment Officer stated that the meeting was taking place only as a result of Phoenix's efforts on behalf of Ellington.

17. As a result of Phoenix's efforts, Norges has now invested a substantial sum—on information and belief, about $500 million—in a hedge fund or other investment managed by Ellington.

18. Norges's investment in a hedge fund or other investment managed by Ellington entitles Phoenix to fees under the Agreement.

19. On information and belief, Ellington will receive many millions of dollars in fees from Norges as a result of Norges's investment.

20. Ellington has not paid—and refuses to pay—Phoenix any fee or Structuring Payment on account of Norges's investment. Instead, Ellington seeks to retain for itself the large profits to be gained from Norges's investment and, having taken advantage of Phoenix's extensive efforts, to deprive Phoenix of its fee—in violation of Ellington's contractual and other obligations.

-5-

Ellington's Interference with Phoenix's Prospective Business Relations

21.     Phoenix developed a close business relationship with Norges. In fact, a representative of Norges expressed interest in other investment opportunities that Phoenix had proposed. Norges's investment in these opportunities would have resulted in fees to Phoenix.

22.     On information and belief, Ellington made statements to Norges in 2004 that caused Norges to cease its relationship with Phoenix. On information and belief, Ellington's actions in this respect were for the sole purpose of harming Phoenix and its business relationship with Norges and/or Ellington's actions were unfair or improper.

23.     On information and belief, absent Ellington's statements to Norges, Phoenix's business relationship with Norges would have resulted in Norges's investment in other opportunities proposed by Phoenix, yielding fees for Phoenix.

## FIRST CAUSE OF ACTION
(For Breach of Contract Regarding the Payment of Fees)

24.     Phoenix repeats and realleges the allegations of paragraphs 1 through 23 as if set forth fully herein.

25.     The Agreement requires Ellington to pay Phoenix an annual fee on account of Norges's investment in Ellington, regardless of when the investment was made or whether it was made more than a year after Phoenix's last contact with Norges on behalf of Ellington.

26.     Phoenix has performed all of its obligations under the Agreement. But for Phoenix's efforts, Norges would not have invested in Ellington.

27.     Ellington has breached the Agreement by accepting an investment from Norges and then refusing to pay Phoenix the fees to which it is entitled under the contract, namely 1% per annum of the aggregate Net Asset Value of the amounts invested by Norges in hedge funds or other investments managed by Ellington.  If the investment made by Norges is a Structured Investment, Ellington has further breached the Agreement by refusing to pay Phoenix the Structuring Payment to which it is entitled under the contract.

### SECOND CAUSE OF ACTION
(For Quantum Meruit)

28.     Phoenix repeats and realleges the allegations of paragraphs 3, 5 through 8, 14 through 17, 19, and 21 through 23 as if set forth fully herein.

29.     Phoenix provided services to Ellington in good faith, working for years to persuade Norges to invest with Ellington, and Ellington accepted those services.

30.     Phoenix expected and is entitled to compensation for its services, but has not been so compensated.

31.     Ellington has not paid—and refuses to pay—Phoenix any compensation on account of Norges's investment.  Instead, Ellington seeks unjustly to retain for itself the large profits to be gained from Norges's investment and, having taken advantage of Phoenix's extensive efforts, to deprive Phoenix of just compensation.

32.     Phoenix is entitled to compensation for the reasonable value of its services to Ellington.

### THIRD CAUSE OF ACTION
(For Unjust Enrichment)

33.    Phoenix repeats and realleges the allegations of paragraphs 3, 5 through 8, 14 through 17, 19, and 21 through 23 as if set forth fully herein.

34.    Phoenix conferred a valuable benefit on Ellington by causing Norges to invest with Ellington.

35.    Ellington has not paid—and refuses to pay—Phoenix any compensation on account of Norges's investment. Instead, Ellington seeks unjustly to retain for itself the large profits to be gained from Norges's investment and, having taken advantage of Phoenix's extensive efforts, to deprive Phoenix of just compensation.

36.    Phoenix is entitled to compensation for the benefit conferred on Ellington and the reasonable value of its services to Ellington.

### FOURTH CAUSE OF ACTION
(For Tortious Interference with Prospective Business Relations)

37.    Phoenix repeats and realleges the allegations of paragraphs 1 through 23 as if set forth fully herein.

38.    Prior to Ellington's interference, Phoenix had a business relationship with Norges. On information and belief, the continuance of this business relationship would have led Norges to make investments proposed to it by Phoenix.

39.    On information and belief, Ellington interfered with that business relationship.

40.    On information and belief, Ellington acted with the sole purpose of harming Phoenix, and/or used unfair or improper means to interfere with Phoenix's business relationship.

-8-

41.    On information and belief, absent Ellington's interference, Norges would have invested in other investments proposed by Phoenix, which would have yielded fees to Phoenix.

42.    On information and belief, Ellington's interference caused injury to Phoenix by causing it to be deprived of the fees it would have collected had Norges's relationship with Phoenix had continued and Norges invested in opportunities Phoenix proposed.

### FIFTH CAUSE OF ACTION
#### (For Breach of Covenant of Good Faith and Fair Dealing)

In the alternative, if the Court finds that—despite the terms of the Agreement—Phoenix is not entitled to its contractual fees because Norges's investment was made more than one year after Phoenix's last contact with Norges on Ellington's behalf, then Phoenix alleges as follows:

43.    Phoenix repeats and realleges the allegations of paragraphs 1 through 23 as if set forth fully herein.

44.    In breach of the implied covenant of good faith and fair dealing, Ellington instructed Phoenix not to contact Norges on its behalf, and terminated its agreement with Phoenix, in bad faith and for the purpose of seeking to avoid payment of fees to which Phoenix would otherwise have been entitled.  Also in breach of the implied covenant of good faith and fair dealing, Ellington, on information and belief, wrongfully manipulated events to cause events to occur so that the investment by Norges would be made more than one year after Phoenix's last contact with Norges.

45.    The obligation implied by the covenant of good faith and fair dealing is not inconsistent with the express terms of the Agreement.

## SIXTH CAUSE OF ACTION
(For Violation of the Connecticut Unfair Trade Practices Act)

46.    Phoenix repeats and realleges the allegations of paragraphs 1 through 23 as if set forth fully herein.

47.    Prior to Ellington's interference, Phoenix had a business relationship with Norges. On information and belief, the continuance of this business relationship would have led Norges to make investments proposed to it by Phoenix.

48.    On information and belief, Ellington interfered with that business relationship.

49.    On information and belief, Ellington's conduct in this regard took place in or from Connecticut and was unfair and/or deceptive in violation of CONN. GEN. STAT. §42-110b(a).

50.    On information and belief, Ellington's conduct was immoral, unethical, oppressive and unscrupulous.

51.    On information and belief, Ellington's conduct caused injury to Phoenix by causing it to be deprived of the fees it would have collected had Norges's relationship with Phoenix continued and Norges invested in opportunities Phoenix proposed.

## SEVENTH CAUSE OF ACTION
(For Violation of the Connecticut Unfair Trade Practices Act)

In the alternative, if the Court finds that—despite the terms of the Agreement—Phoenix is not entitled to its contractual fees because Norges's investment was made more than one year after Phoenix's last contact with Norges on Ellington's behalf, then Phoenix alleges as follows:

-10-

52.    Phoenix repeats and realleges the allegations of paragraphs 1 through 23 as if set forth fully herein.

53.    Ellington instructed Phoenix not to contact Norges on its behalf, and terminated its agreement with Phoenix, in bad faith and for the purpose of seeking to avoid payment of fees to which Phoenix would otherwise have been entitled.  Ellington also, on information and belief, wrongfully manipulated events to cause events to occur so that the investment by Norges would be made more than one year after Phoenix's last contact with Norges.

54.    On information and belief, Ellington's conduct in this regard took place in or from Connecticut and was unfair and/or deceptive in violation of CONN. GEN. STAT. §42-110b(a).

55.    On information and belief, Ellington's conduct was immoral, unethical, oppressive and unscrupulous.

56.    Ellington's conduct caused injury to Phoenix by causing it to be deprived of the fees it otherwise would have collected.

WHEREFORE, plaintiff respectfully requests judgment against defendant:

(a)    awarding damages to plaintiff for defendant's breach of contract in an amount to be determined at trial;

(b)    awarding plaintiff the reasonable value of its services to defendant under quantum meruit in an amount to be determined at trial;

(c)    awarding plaintiff damages for defendant's unjust enrichment in an amount to be determined at trial;

(d)    awarding plaintiff damages in an amount to be determined at trial for defendant's tortious interference with plaintiff's prospective business relations;

(e)    in the alternative, awarding plaintiff damages in an amount to be determined at trial for defendant's breach of the covenant of good faith and fair dealing;

(f)    awarding plaintiff damages, punitive damages, attorneys fees, costs and interest in an amount to be determined at trial for defendant's violations of the Connecticut Unfair Trade Practices Act;

(g)    awarding plaintiff its costs, disbursements and expenses of this action, including attorneys' fees; and

(h)    awarding plaintiff such further relief as this Court may deem just and proper.

Plaintiff demands trial by jury.

Dated: New York, New York
      July 3, 2007

SULLIVAN & CROMWELL LLP

*David B. Tulchin*

David B. Tulchin
Jason D. Padgett
Angus W. Dwyer

125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Phoenix Capital Investments LLC*